IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CR-00106-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **MOTION FOR PRELIMINARY** |
| v. | : | **ORDER OF FORFEITURE** |
| | : | |
| CHRISTOPHER HAMMOND | : | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully requests that the Court enter, pursuant to Fed. R. Crim. P. 32.2, the proposed Preliminary Order of Forfeiture filed herewith.

In support of this motion, the Government shows unto the Court the following:

1. On February 7, 2023, the defendant was charged in a Superseding Criminal Indictment with offenses in violation of 18 U.S.C. §§ 641, 1341, 1343, 1956(a)(1)(B)(i), 1957, and 2314. The Indictment provided notice to the defendant that pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a), the United States would seek to forfeit any property with the requisite nexus to the offenses charged as set forth more particularly in the Forfeiture Notice, including but not limited to the above-listed property. The government also provided notice that, in the event such property cannot be located, it would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

1

2. On April 14, 2023, the defendant entered a plea of guilty to a written Plea Agreement as to Counts One and Four of the Superseding Criminal Indictment, specifically 18 U.S.C. §§ 641 and 1956(a)(1)(B)(i). The Memorandum of Plea Agreement memorializes the defendant's consent to the forfeiture of the subject property.

3. Criminal forfeiture is a mandatory element of a defendant's sentence in cases where Congress has legislated forfeiture authority. *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014). Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides that as soon as practicable after an adjudication of guilt, "the court must determine what property is subject to forfeiture under the applicable statute" by ascertaining whether "the requisite nexus" or connection between the property and the offense exists or, if directly forfeitable property is unavailable, the equivalent "amount of money" that the defendant will be ordered to satisfy through the forfeiture of substitute assets. The Government's burden of proof as to the issue of forfeiture is by a preponderance of the evidence. *United States v. Tanner*, 61 F.3d 231, 234 (4th Cir. 1995). The Court may make its forfeiture determination based on "evidence already in the record, including any written plea agreement, and on any additional evidence submitted by the parties and accepted by the court as relevant and reliable," including in reliance on hearsay and circumstantial evidence. Fed. R. Crim. P. 32.2(b)(1)(B); *United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 709 n.1 (E.D. Va. 2005). Once a court determines that forfeiture is appropriate, the court "must promptly enter a preliminary order of

2

forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria." Fed. R. Crim. P. 32.2(b)(2)(A).

4. Pursuant to 18 U.S.C. § 982(a)(1), a defendant convicted of a money laundering offense shall forfeit any property, real or personal, involved in the offense, or any property traceable to such property.[1]

5. Pursuant to 18 U.S.C. § 981(a)(1)(C), a defendant convicted of any offense constituting "specified unlawful activity" as defined by 18 U.S.C. §§ 1956(c)(7) and 1961(1), including, *inter alia*, violations of 18 U.S.C. § 1956(a)(1)(B)(i), shall forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.[2] This civil forfeiture authority is made applicable to criminal proceedings by virtue of 28 U.S.C. § 2461(c).

---

[1] Property "involved in" a money laundering transaction includes "the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense." *United States v. Tencer*, 107 F.3d 1120, 1134 (5th Cir. 1997). The subject matter or "corpus" of a laundering offense includes not only the SUA proceeds being laundered but also any untainted funds that comprise part of the same transaction. *United States v. Huber*, 404 F.3d 1047, 1061 n.11 (8th Cir. 2005). The subject matter or corpus of the offense likewise includes anything purchased, sold or exchanged for the laundered funds, even if legitimate funds have also been invested in the property. *See United States v. Hawkey*, 148 F.3d 920, 928 (8th Cir. 1998); *United States v. Miller*, 911 F.3d 229, 232 (4th Cir. 2018). Finally, property used to facilitate a laundering offense includes legitimate funds that have been commingled with SUA proceeds for purposes of disguising the nature and source of the proceeds, businesses used as a front for money laundering, and any other property that makes the laundering offense easier to commit or harder to detect. *See Tencer*, 107 F.3d at 1134-35 (commingled funds in bank account); *United States v. Seher*, 562 F.3d 1344- 1369-70 (11th Cir. 2009) (inventory of jewelry business offered for sale to launder drug proceeds).

[2] Property is forfeitable as "proceeds" if it satisfies the "but for" test; that is, if the defendant "'would not have [obtained or retained the property] *but for* the criminal offense.'" *United*

6. Pursuant to the defendant's guilty plea, the stipulations contained in the Memorandum of Plea Agreement, and the entire record of the case, the Government requests that the Court enter, as the statute requires, a Preliminary Order of Forfeiture regarding the following directly forfeitable property in which the defendant (or any combination of defendants in this case) has or had a forfeitable interest:

Forfeiture Money Judgment:

a) A sum of money in the amount of $2,291,619.79, representing the gross proceeds personally obtained by the defendant as a result of the offense(s) for which he/she has been convicted; and an amount for which the defendant shall be solely liable and in satisfaction of which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p);

Personal Property:

b) $115,753.00 in U.S. Currency seized from Christopher Hammond on April 20, 2022 during the execution of a search warrant upon his residence at 61 Harvest Court, Linden, NC 28356;

c) Any and all assets held in Schwab Bank account number ending in 1644 in the name of Christopher Hammond;

---

States v. Farkas, 474 F. App'x 349, 360 (4th Cir. 2012) (summarizing and quoting caselaw); 18 U.S.C. § 1956(c)(9) (defining proceeds as "property derived from or obtained or retained … through some form of unlawful activity"). The proper measure is the total gross receipts (not the net gain or profit realized) of any offense involving the illegal goods, illegal services, unlawful activities, and telemarketing and health care fraud schemes. 18 U.S.C. § 981(a)(2)(A). Strict tracing is not required insofar as the government need not link property to a particular illegal transaction but may trace proceeds to the charged course of conduct generally. *See United States v. Hailey*, 887 F. Supp. 2d 649, 653 (D. Md. 2012). Additionally, "the law does not demand mathematical exactitude in calculating the proceeds subject to forfeiture," but rather allows courts to "'use general points of reference as a starting point' for a forfeiture calculation and 'make reasonable extrapolations' supported by a preponderance of the evidence." *United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011) (citation omitted).

d) Any and all assets held in Schwab Brokerage account number ending in 8367 in the name of Christopher Hammond, with the exception of $155,490.27 in assets to be left in the account;

e) Any and all assets held in Schwab Roth IRA account number ending in 4014 in the name of Christopher Hammond;

f) Any and all assets held in Schwab Roth IRA account number ending in 8964 in the name of Heather Hammond;

g) Any and all assets held in Robinhood account number ending in 2960 in the name of Christopher Hammond;

h) Any and all assets held in Treasury Direct minor-linked account number ending in 7073 in the name of F.B.H., which is linked to Treasury Direct account number ending in 7515 in the name of Christopher Hammond, including but not limited to the following:

| Confirmation Number | Registration | Security Type | Issue Date |
|---|---|---|---|
| IAAB1 | F.B.H. | Series I | 10/1/2020 |
| IAAB0 | F.B.H. | Series I | 10/1/2020 |
| IAABZ | F.B.H. | Series I | 10/1/2020 |
| IAAAA | F.B.H. | Series I | 10/1/2020 |
| IAAB3 | F.B.H. | Series I | 11/1/2020 |
| IAAB2 | F.B.H. | Series I | 11/1/2020 |
| IAAAB | F.B.H. | Series I | 11/1/2020 |
| IAAAC | F.B.H. | Series I | 12/1/2020 |
| IAAB4 | F.B.H. | Series I | 1/1/2021 |
| IAAAD | F.B.H. | Series I | 1/1/2021 |
| IAAAE | F.B.H. | Series I | 2/1/2021 |
| IAAAF | F.B.H. | Series I | 3/1/2021 |
| IAAAG | F.B.H. | Series I | 4/1/2021 |
| IAAAH | F.B.H. | Series I | 5/1/2021 |
| IAAAI | F.B.H. | Series I | 6/1/2021 |
| IAAAJ | F.B.H. | Series I | 7/1/2021 |
| IAAAK | F.B.H. | Series I | 8/1/2021 |
| IAAAL | F.B.H. | Series I | 9/1/2021 |
| IAAAM | F.B.H. | Series I | 10/1/2021 |
| IAAAN | F.B.H. | Series I | 11/1/2021 |
| IAAAO | F.B.H. | Series I | 12/1/2021 |

| | | | |
|---|---|---|---|
| IAAAP | F.B.H. | Series I | 1/1/2022 |
| IAAAQ | F.B.H. | Series I | 2/1/2022 |
| IAAAR | F.B.H. | Series I | 3/1/2022 |
| IAAAS | F.B.H. | Series I | 4/1/2022 |
| IAAAT | F.B.H. | Series I | 5/1/2022 |

i) Any and all assets held in Treasury Direct minor-linked account number ending in 2370 in the name of P.S.H., which is linked to Treasury Direct account number ending in 7515 in the name of Christopher Hammond, including but not limited to the following:

| Confirmation Number | Registration | Security Type | Issue Date |
|---|---|---|---|
| IAAB1 | P.S.H. | Series I | 10/1/2020 |
| IAABO | P.S.H. | Series I | 10/1/2020 |
| IAABZ | P.S.H. | Series I | 10/1/2020 |
| IAAAA | P.S.H. | Series I | 10/1/2020 |
| IAAB3 | P.S.H. | Series I | 11/1/2020 |
| IAAB2 | P.S.H. | Series I | 11/1/2020 |
| IAAAB | P.S.H. | Series I | 11/1/2020 |
| IAAAC | P.S.H. | Series I | 12/1/2020 |
| IAAB4 | P.S.H. | Series I | 1/1/2021 |
| IAAAD | P.S.H. | Series I | 1/1/2021 |
| IAAAE | P.S.H. | Series I | 2/1/2021 |
| IAAAF | P.S.H. | Series I | 3/1/2021 |
| IAAAG | P.S.H. | Series I | 4/1/2021 |
| IAAAH | P.S.H. | Series I | 5/1/2021 |
| IAAAI | P.S.H. | Series I | 6/1/2021 |
| IAAAJ | P.S.H. | Series I | 7/1/2021 |
| IAAAK | P.S.H. | Series I | 8/1/2021 |
| IAAAL | P.S.H. | Series I | 9/1/2021 |
| IAAAM | P.S.H. | Series I | 10/1/2021 |
| IAAAN | P.S.H. | Series I | 11/1/2021 |
| IAAAO | P.S.H. | Series I | 12/1/2021 |
| IAAAP | P.S.H. | Series I | 1/1/2022 |
| IAAAQ | P.S.H. | Series I | 2/1/2022 |
| IAAAR | P.S.H. | Series I | 3/1/2022 |
| IAAAS | P.S.H. | Series I | 4/1/2022 |
| IAAAT | P.S.H. | Series I | 5/1/2022 |

j) Any and all assets held in Victory Capital 529 account number ending in XXXXX7424-01 in the name of Christopher Hammond for the benefit of F.B.H.;

k) Any and all assets held in Victory Capital 529 account number ending in XXXXX7424-02 in the name of Christopher Hammond for the benefit of P.S.H.;

l) 2018 Ford F-350, Super Duty King Ranch/Lariat – Crew Pickup, VIN 1FT8W3BT1JEB52626, registered to Christopher James Hammond;

m) 2021 Grand Designs Transcend Travel Trailer, registered to Irene Walsh Hammond, VIN 573TT3025M8816838.

WHEREFORE, the Government respectfully requests the Court to enter the attached proposed Preliminary Order and Judgment of Forfeiture.

Respectfully submitted this 9th day of August, 2023.

                MICHAEL F. EASLEY, JR.
                United States Attorney

                BY: /s/ Matthew L. Fesak
                    MATTHEW L. FESAK
                Assistant United States Attorney
                Civil Division
                150 Fayetteville Street, Suite 2100
                Raleigh, NC 27601
                Telephone: (919) 856-4530
                Facsimile: (919) 856-4821
                E-mail: matthew.fesak@usdoj.gov
                NC State Bar #35276
                Attorney for Plaintiff

CERTIFICATE OF SERVICE

I certify that I have on this 9th day of August, 2023, served a copy of the foregoing Motion for Preliminary Order of Forfeiture upon counsel electronically via ECF:

Kris R. Poppe
The Richardson Firm, PLLC
Email: kris.poppe@therichardsonfirm.com

                                  MICHAEL F. EASLEY, JR.
                                  United States Attorney

                                  BY: /s/ Matthew L. Fesak
                                        MATTHEW L. FESAK
                                  Assistant United States Attorney
                                  Civil Division
                                  150 Fayetteville Street, Suite 2100
                                  Raleigh, NC 27601
                                  Telephone: (919) 856-4530
                                  Facsimile: (919) 856-4821
                                  E-mail: matthew.fesak@usdoj.gov
                                  NC State Bar #35276
                                  Attorney for Plaintiff